# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

**KOTEI DJANE,** :

    **Petitioner** : **CIVIL ACTION NO. 3:16-1091**

    v :

        **(JUDGE MANNION)**

**U.S. DEPARTMENT OF** :
**HOMELAND SECURITY,**

     :

    **Respondent**

## MEMORANDUM

Petitioner, Kotei Djane, a detainee of the United States Immigration and Customs Enforcement ("ICE"), filed the instant counseled petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. He challenges his continued detention by ICE. (Doc. 1, petition). A response (Doc. 4) and traverse (Doc. 6) having been filed, the petition is ripe for review. For the reasons set forth below, the petition will be denied without prejudice.

## I. Background

On February 4, 1989, Petitioner, a native and citizen of Ghana, entered the United States as a Lawful Permanent Resident. (Doc. 4-2 at 12, Notice to Appear). Petitioner's extensive criminal history reveals that from June, 1995 through March, 2015, Petitioner has approximately seventy criminal

convictions. (See Doc. 4-2 at 4-9, Record of Deportable/Inadmissible Alien).

On September 18, 2015, Petitioner was taken into ICE custody and served with a Notice to Appear, charging him as removable pursuant to section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (Act), as amended, for having been convicted of an aggravated felony as defined in Section 101(a)(43)(B) of the Act; an offense relating to the illicit trafficking in a controlled substance, as described in section 102 of the Controlled Substances Act; including a drug trafficking crime, as defined in section 924(c) of Title 18, United States Code; and pursuant to section 237(a)(2)(B)(i) of the Act, as amended, for having been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in Section 102 of the Controlled Substances Act, 21 U.S.C. 802), other than a single offense involving possession for one's own use of 30 grams or less of marijuana. (Doc. 4-2 at 12, Notice of Action).

On November 5, 2015, the Immigration Judge ordered Petitioner removed from the United States to Ghana. (Doc. 4-2 at 16, Order). Because Petitioner waived his right to appeal the Immigration Judge's order, the order became final on December 5, 2015. Id.

On February 4, 2016, ICE reviewed Petitioner's custodial status and issued a decision to continue his detention, finding that:

> ICE records reveal that you have the following criminal convictions: Aggravated Assault - Serious Bodily Injury, 3rd degree Distribution of Heroin/Cocaine, Possession of Less Than 50 Grams, Simple Assault and Resisting Arrest, Failing to Give Controlled Substance to Police, Possession With Intent to Distribute a Controlled Substance within 500 feet of a Public Housing Facility (Cocaine), Local Ordinance Violations (two separate convictions), Possession of a Controlled Substance With Intent to Distribute Within 1000 feet of a School Zone (Heroin), Disorderly Conduct, Loiter For Purpose of Using - Possession (two separate convictions), and Intimidation of a Victim/Witness. Given your criminal history, ICE has concluded you may be considered a danger to the community. Additionally, ICE believes that a travel document determination is likely to be forthcoming in the reasonable foreseeable future.
>
> Based on the above, you are to remain in ICE custody pending your removal from the United States. You are advised that you must demonstrate that you are making reasonable efforts to comply with the order of removal and that you are cooperating with ICE's efforts to remove you by taking whatever actions ICE requests to effect your removal. You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC Section 1253(a).

(See Doc. 4-2 at 13-14, Decision to Continue Detention). ICE also informed Petitioner that if he had not been released or removed by May 8, 2016, jurisdiction of the custody decision in his case would be transferred to the

3

Headquarters Post Order Custody Review Unit (POCRU). Id.

On May 16, 2016, the Office of Enforcement and Removal Operations (ERO) conducted a 180-day post order of removal custody review and determined the following:

> This letter is to inform you that the U.S. Immigration and Customs Enforcement (ICE) has reviewed your custody status and determined that you will not be released from custody at this time. This decision was based on a review of your file record and/or personal interview and consideration of any information you submitted to ICE reviewing officials.
>
> You are a native and citizen of Ghana who last entered the United States on or about February 4, 1989 as a lawful permanent resident. You have been convicted of the crimes of Aggravated Assault, Possession of Controlled Substance and resisting arrest. On November 5, 2015, you were issued a Final Order of Removal by an Immigration Official.
>
> ICE is currently working with the Government of Ghana to secure a travel document for your removal from the United States. A travel document from the Government of Ghana is expected, therefore you are to remain in ICE custody at this time.
>
> This decision, however, does not preclude you from bringing forth evidence in the future to demonstrate a good reason why your removal is unlikely. You are advised that pursuant to Section 241(a)(1)(C) of the Immigration and Nationality Act (INA) you must demonstrate that you are making reasonable efforts to comply with the order of removal, and that you are cooperating with ICE efforts to remove you by taking whatever actions ICE requests to affect your removal.
>
> You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other

> documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 U.S.C. §1253(a).

(Doc. 4-2 at 17, Decision to Continue Detention).

On June 8, 2016, Petitioner filed the instant petition for writ of habeas corpus, seeking an order of immediate release since he has "been incarcerated past the 180 days required for deportation." (Doc. 1, petition).

## II. Discussion

Detention section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (Act), as amended, for having been convicted of an aggravated felony; and (2) section 237(a)(2)(B)(i) of the Act, as amended, for a controlled substances conviction "other than a single offense involving possession for one's own use of 30 grams or less of marijuana., release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. §1231. Under §1231(a), the Attorney General has ninety (90) days to remove an alien from the United States after his order of removal, during which time detention is mandatory. Section 1231(a)(1)(B) provides the following:

> The removal period begins to run on the latest of the following:
>
> (i) The date the order of removal becomes

administratively final.

(ii) If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. §1231. At the conclusion of the ninety-day period, the alien may be held in continued detention, or may be released under continued supervision. 8 U.S.C. §§ 1231(a)(3) & (6). In Zadvydas v. Davis, 533 U.S. 678, 689 (2001), the Supreme Court concluded that the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." Id. at 699. "Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Id. To establish uniformity in the federal courts, a period of six months was recognized as a "presumptively reasonable period of detention."[1] Id. at 701.

---

[1] Following Zadvydas, regulations were promulgated to meet the criteria established by the Supreme Court. See 8 C.F.R. §241.4. Prior to the expiration of the mandatory ninety-day removal period, the district director shall conduct a custody review for an alien where the alien's removal cannot be accomplished during the prescribed period. 8 C.F.R. §241.4(k)(1)(I). When release is denied pending the removal, the district director may retain responsibility for custody determinations for up to three months, or refer the

Petitioner's order of removal became final on November 5, 2015, and the six-month presumptively reasonable period of post-removal-period detention recently expired on or about May 5, 2016. However, the Zadvydas Court emphasized that "[t]his 6–month presumption [ ] does not mean that every alien not removed must be released after six months." Zadvydas, 533 U.S. at 701. Rather, the Supreme Court explained that, to state a claim for habeas relief under §2241, an alien must provide in the petition good reason to believe that his or her removal is not foreseeable. Id. If at the conclusion of the six-month period the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the burden shifts to the government to "respond with evidence sufficient to rebut that showing." Id., at 701. In the absence of factual allegations supporting the conclusion that removal is not reasonably foreseeable, ICE does not have to respond by showing that removal is reasonably foreseeable. Id.; see also Barenboy v. Attorney General of U.S., 160 F. App'x 258, 261 n. 2 (3d Cir.

---

alien to the Headquarters Custody Management Unit for further custody review. 8 C.F.R. §241.4(k)(1)(ii). Once jurisdiction is transferred, an eligible alien may submit a written request for release asserting the basis for the alien's belief that there is no significant likelihood that he will be removed in the reasonably foreseeable future. 8 C.F.R. §241.13(d)(1). Petitioner's custody was reviewed by the Headquarters Custody Management Unit on March 23, 2015.

2005) ("Once the six-month period has passed, the burden is on the alien to provide[ ] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. Only then does the burden shift to the Government, which must respond with evidence sufficient to rebut that showing") (citation and internal quotation marks omitted).

Despite stating in his traverse that he "believes that there is no significant likelihood of his removal in the reasonably foreseeable future", (See Doc. 6), Petitioner offers no evidence indicating that his removal will not occur in the reasonably foreseeable future. Nor does he offer anything in response to ICE's statement that "[a] travel document from the Government of Ghana is expected."

Such conclusory statements are not evidence of a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. Petitioner "has made no showing whatsoever that there is 'no significant likelihood of removal in the reasonably foreseeable future'." Encamacion–Mendez v. Attorney General of U.S., 176 F. App'x 251, 254 (3d Cir. 2006), and he has not otherwise shown that his detention is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(3); see, e.g., Joseph v. United States, 127 F. App'x 79, 81 (3d Cir.

2005) (finding that "[u]nder Zadvydas, a petitioner must provide 'good reason' to believe there is no likelihood of removal, 533 U.S. at 701, and Alva has failed to make that showing here."); Abdelrahman v. BICE's Interim Field Office Director, Civil No. 05-cv-1916, 2005 WL 3320841, at *2 (M.D. Pa. Dec. 7, 2005)(Muir, J.) (noting that "the fundamental basis of [the petitioner's] argument appear[ed] to be that his removal [was] unlikely simply because it [had] not occurred to this point."); Soberanes v. Comfort, 388 F.3d 1305 (10th Cir. 2004) (affirming dismissal of §2241 petition challenging detention pursuant to §1231(a)(6) where petitioner failed to provide good reason to believe that there is no likelihood of removal); Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002) (concluding that "in order to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future"). Because, at this time, continued detention remains reasonable, it is constitutionally permissible. The petition is therefore subject to dismissal.

However, ICE is cautioned that, although the current record does not demonstrate that "there is no significant likelihood of removal in the

reasonably foreseeable future," Zadvydas, 533 U.S. at 701, at some point in time, the inability of ICE to remove petitioner to Liberia may provide "good reason" to believe the removal is unlikely to be carried out. "For detention to remain reasonable, as the period for confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." Id. The dismissal is therefore without prejudice to the filing of a new §2241 petition in the event that Petitioner can provide evidence of good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future.

### III. Conclusion

Based on the foregoing, the petition for writ of habeas corpus will be denied without prejudice. A separate Order will be issued.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

Dated: August 15, 2016
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-1091-01.wpd